JAMES, J.,
specially concurring:
¶ 23. I agree with the majority opinion as to the technical reasons for reversal. The majority opinion is based on the failure of the chancellor to address the report of the GAL and also on the fact that the chancellor made a statement that no adoption petition had been filed as a prerequisite to filing the petition to terminate parental rights. Despite the technical errors, the chancellor’s reasons for denying the termination of parental rights were not in the best interest of the minor child.
¶ 24. This case has been remanded for the chancellor to consider the GAL’s report, and in particular, to address the abandonment-related ground raised in the termination request. However, the chancellor did find that Kristen’s lack of contact with the minor child was not willful.
¶ 25. There are some concerns in this case that raise a few red flags. Kristen states that Ryan wants to adopt her child, but no adoption petition has been filed. The filing of the adoption petition is not required as a prerequisite to the termination of parental rights, but the procedure is unusual. Also, it is within the chancellor’s discretion to consider this issue in a case involving the termination of parental rights if the chancellor feels that the child will be left without a father and that it is in the child’s best interest. Also, Brandon, the minor child’s father, is presently paying $450 per month in child support, and the obligation to pay child support ceases when parental rights are terminated. Beasnett v. Arledge, 934 So.2d 345, 348-49 (¶ 8) (Miss.Ct.App.2006).
¶ 26. Kristen and Brandon were married April 23, 2006. The couple separated on September 7, 2007, the day after the minor child was born. The couple divorced in February 2007. Kristen re *1229 ceived custody of the minor child, and Brandon was awarded visitation. Kristen married Ryan Farthing in October 2010. However, Farthing testified that, prior to their marriage, Kristen was married to Jim Parker. Kristen did not dispute this testimony. This marriage would make Farthing Kristen’s third husband. Also, Kristen has moved several times to different places in Mississippi. Even though the chancellor committed technical errors, the chancellor was concerned with the best interests of the child. It appears that the chancellor was in doubt about the procedure and erred on the side of caution.
¶ 27. Although there was a GAL report, it does not appear from the record that the GAL talked to or visited with the minor child or his family. It appears that the GAL’s report was based on reading the file and attending the hearing. The GAL should personally interview the child. M.J.S.H.S. v. Yalobusha Cnty. Dep’t of Human Servs. ex rel. McDaniel, 782 So.2d 737, 741 (¶ 17) (Miss.2001); see also D.J.L. v. Bolivar Cnty. Dep’t of Human Servs. ex rel. McDaniel, 824 So.2d 617, 622 (¶¶ 16-17) (Miss.2002). Since the record does show that the GAL can personally verify his report, it appears that the GAL should also be instructed by the court as to the proper performance of his duties.